I must respectfully dissent from the majority decision which has rejected the opinions of an orthopeadist and a board certified rheumatologist that plaintiff did not have carpel tunnel syndrome and accepted the opinion of an expert whose field of expertise is in plastic surgery. While the majority characterizes Dr. James E. Lowe, Jr. whose practice is called "A Beautiful Body Plastic Surgery Center, as a "specialist in hand surgery" and notes he "performs approximately 300 hand surgeries per year," he is not board certified as having a subspecialty in hand surgery by any Surgical or Orthopaedic Board and has not officially passed an exam for hand surgery specialization certification.
Dr. Lowe without ever reviewing a job description but based on plaintiff telling him that she does a lot of computer work and data entry, concluded plaintiff's condition is characteristic of and peculiar to her "repetitious activity" to which the general population is not equally exposed and also was caused by her repetitious type of work.
The particular facts of this case are instructive. Plaintiff is a forty year old female who was employed for the Department of Justice in Cumberland County as an Assistant Director of Pretrial Services wherein according to her supervisor she handwrites affidavits 50% of the day, supervises other employees 25% of the day and enters data on the computer 25% of the day. (Plaintiff maintained she performed repetitious work for 95% of the day). She is not employed in the date entry department. No other employees performing the same functions as plaintiff have experienced the symptoms plaintiff has. Though plaintiff is right handed, she first experienced symptoms in her left hand. There is inadequate evidence relating the length of time plaintiff performs continuous keyboarding functions, with or without breaks, and the frequency and length of time of the breaks during periods of continuous keyboarding. The insufficient detail and quality of evidence gathered to be presented to the doctor and the lack of rigorous inquiry by the doctor for information regarding plaintiff's daily routine seems to result in a failure of proof by the plaintiff.
As a further consideration when weighing the testimony of the experts, the Deputy Commissioner at the trial of this matter even did not determine plaintiff's expert witness to be credible. Thus, I must respectfully dissent and would affirm the decision of the Deputy Commissioner.
 S/_______________ DIANNE C. SELLERS COMMISSIONER